## Fry *versus* Coleman.

1. In an action upon a note of a third party, given as collateral security, the maker of the note, for the payment of which said collateral is held, is a competent witness to prove it paid.

2. The certificate of a justice of the peace, before whom a deposition is taken

[Fry *v.* Coleman.]

.is good evidence of an agreement between the parties to change the place of taking.

3. The presence of a party, and the absence of an objection from him at the time of taking a deposition, amounts to a waiver of an irregularity in regard to the manner of taking.

4. An agreement to give a third note of $100, if the first and second notes were not paid in ten days after maturity, was forbidden by the usury laws, and, consequently, void.

ERROR to the District Court of *Allegheny county*.

J. M. Couch and J. M. Orr were indebted to James Woods in the sum of $325; to secure the payment of which they made and delivered to him their three promissory notes, dated respectively the 20th November, 1849 : the first for $125, payable 1st of April, 1850 ; the second for $100, payable the 1st of June, 1850 ; and the third for $100, payable the 1st of September, 1850. Woods indorsed and delivered these notes to John W. Fry, the legal plaintiff, who sold and delivered two of said notes to Coleman, the defendant, and delivered to him the third note as collateral security for the payment of the first two notes, and at the time the parties entered into the following agreement, to wit :

"Received of John W. Fry a note on J. M. Couch and J. M. Orr, dated 20th November, 1849, due September 1, 1850, calling for $100, which is left with me as collateral security on two other notes on the same persons, payable, the one on the 1st of April, 1850, and the other on the 1st of June, 1850 ; and it is hereby understood, that, if the said two notes are not paid by the drawers, or said Fry, within ten days after they are severally due, then the said note of one hundred dollars to be forfeited to me and to become my absolute property.          M. COLEMAN."

These notes, not being paid at maturity, in June, 1851, the plaintiff proved by J. M. Orr that he and Couch, the drawers, gave their judgment bond to Coleman, who issued execution thereon, and the money was made by the sheriff and paid by him to Coleman.

Defendant in error, Fry, thereupon brought this action of assumpsit, and declared in common counts, against plaintiff in error to recover the proceeds of the note mentioned in the receipt of Coleman ; and upon the trial offered in evidence the deposition of J. M. Orr, one of the drawers of the said notes, and the agreement aforesaid, to which was appended the following certificate :

"I certify that plaintiff's attorney and defendant met at the office of Golden and Fulton, in the borough of Kittanning, county of Armstrong, between the hours of 8, A. M., and 6 o'clock, P. M., of said day, and by consent agreed to take the depositions in my office, and that the above witness was there duly qualified and examined in the presence of plaintiff's attorney and the defendant,

[Fry *v.* Coleman.]

at the time and place stated in the caption, and subscribed his deposition in my presence.          ' E. BUFFINGTON, J. P."

To which offer defendant objected. First: Because the witness is incompetent, on the ground of interest. Second: Because the deposition is not properly certified by the magistrate. Third: That it was not taken at the time and place mentioned in the rule.

The court, WILLIAMS, J., admitted the deposition, which is the error complained of.

The jury, under the instructions of the court, found for the plaintiff the amount of said notes, with interest.

*Golden* and *Fulton*, for plaintiff in error, cited 2 Phil. Ev. 241; *Johnston* v. *Hacker*, 1 Dall. 406; *Stewart* v. *Allison*, 6 S. & R. 324; *Stenling* v. *Manhattan and Susquehanna Grading Co.*, 11 S. & R. 179; *Rhodes* v. *Lent*, 3 Watts, 365; *Bradford's Administrators* v. *Whitesides*, 16 S. & R. 322.

*Arthurs*, for defendant in error, cited *M'Kim* v. *Somers*, 1 P. R. 287.

The opinion of the court was delivered January 4, 1857, by

KNOX, J.—There was no error in admitting the deposition of J. M. Orr. · He was not interested in the question at issue, and, although the testimony was taken at the office of the justice of the peace, instead of at the office of Golden and Fulton, yet, as the magistrate certifies that the defendant consented to the change of place, and was present when the deposition was taken, he cannot now object to the place.

The certificate of the justice must be taken together, and, being so taken, it shows that the alteration in the place was by mutual consent. The certificate is good evidence of this agreement; but, even if it were not, the presence of the defendant, and the absence of an objection from him at the time of taking the deposition, would amount to a waiver on his part of the irregularity in regard to the manner of executing the rule to take the deposition.

We agree with the learned judge of the District Court that Orr's testimony, if believed by the jury, clearly established the plaintiff's right of recovery. The agreement to give the third note of $100, if the first and second were not paid in ten days after maturity, was forbidden by the usury law, and consequently void. _

                              Judgment affirmed.